**NOLD LAW**
**Melissa C. Nold, Esq. SBN 301378**
Russo Building
521 Georgia Street
Vallejo, California 94590
Telephone: (707) 644-4004
melissa@noldlaw.com

**POINTER & BUELNA, LLP**
**Adante D. Pointer, Esq. SBN 236229**
**Patrick Buelna, Esq. SBN 317043**
**Lawyers For The People**
1901 Harrison Street,
Suite 1140
Oakland, California 94612
Telephone: (510) 929-5400
apointer@lawyersftp.com
pbuelna@lawyersftp.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL MINJARES, an individual,<br><br>                              Plaintiff,<br><br>     vs.<br><br>CITY OF ANTIOCH, a municipal corporation; and DOES 1-50, individually capacities as Police Officers for the CITY OF ANTIOCH, jointly and severally,<br><br>                              Defendants. | CASE NO.:<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES<br><br>JURY TRIAL DEMANDED |

# INTRODUCTION

1. On September 26, 2019, at approximately 5:00 p.m., Mr. Miguel Minjares was involved in a verbal disagreement with his adult daughter and made her leave his home. The Antioch Police were summoned and responded to the home. The Antioch Police agreed that the issue was civil in nature. Nevertheless, yet-to-be-identified City of Antioch Police Officers asked if his daughter could enter to get her clothes and Mr. Minjares told them "no." Mr. Minjares again confirmed with the Officers that the issue was civil in nature and they agreed that it was indeed a civil issue and *not* a criminal issue.

2. Instead of leaving, the Officers shifted gears and accused Mr. Minjares of assaulting his daughter, despite there being no report of assault. To that end, the assembled Officers proceeded to force their way into Mr. Minjares' home. Once inside, the Officers threw Mr. Minjares onto his couch, placed their knees into his back and punched him in the head several times. Mr. Minjares was arrested for resisting arrest. He was later taken to a local hospital where he was diagnosed and treated for a concussion and black eye. After being released from the hospital, the Officers took him to jail where he was forced to remain overnight. Tellingly, the Contra Costa District Attorney declined to file charges against Mr. Minjares.

3. Mr. Minjares' is a well-respected certified local educator, who holds a master's degree. He lost an employment opportunity as result of this false arrest and was forced to take a 20% pay cut for the 2020-2021 school year. Mr. Minjares continues to suffer from emotional distress as a result of this incident, which is the second time he was unlawfully assaulted by Antioch Police Officers.

4. This action seeks to recover damages for the violation of Plaintiff's rights under state and federal law.

## JURISDICTION

5.  This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Antioch, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

6.  Plaintiff MIGUEL MINJARES is, and at all times herein mentioned was a resident of Antioch, California and a natural person.

7.  Defendant CITY OF ANTIOCH (hereinafter referred to as "CITY") is and at all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California. Under its supervision, the CITY OF ANTIOCH operates the ANTIOCH Police Department ("APD").

8.  Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend their complaint subject to further discovery.

9.  In engaging in the conduct alleged herein, defendant police officers acted under the color

of law and in the course and scope of their employment with CITY OF ANTIOCH. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers, under the United States and California Constitutions, and as employees of the CITY OF ANTIOCH.

10. Defendant CITY OF ANTIOCH is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents. Plaintiff filed a timely government tort claim with the entity which was rejected on October 18, 2020.

**STATEMENT OF FACTS**

11. On September 26, 2019, at approximately 5:00 p.m., Plaintiff Miguel Minjares, was inside of his home, located on Rio Grande Drive in the City of Antioch, California. One of Mr. Minjares' adult children called the police after Mr. Minjares told her to vacate his home.

12. Yet-to-be-identified Antioch Police Officers were dispatched to the home and contacted Mr.Minjares and his daughter. The Officers intially told Mr. Minjares that he could not make his adult daughter leave the house because it was illegal. Mr. Minjares told the officers it was a civil matter and not a criminal matter and the Officers agreed it was indeed a civil matter. Nevertheless, Officers demanded Mr. Minjares allow his daughter to come in to get her clothes. He refused.

13. Mr.Minjares again confirmed with the officers that the incident was civil in nature and they again agreed.

14. Next, the Officers asked Mr. Minjares for his identification so that they could run him through the system. Mr. Minjares notified the Officers that he did not have his identification on his person.

15. Instead of leaving his home, the Officers shifted gears and accused Mr. Minjares of assaulting

his daughter, despite there being no report of an assault of any kind.

16. Then, without warning, legal cause, a warrant or exigency, the Officers rushed Mr. Minjares and illegally forced their way into his home. Two Antioch Police Officers grabbed Mr. Minjares, threw him facedown onto his couch, placed their knees onto his back, punched him in the face multiple times and handcuffed him, as his daughter screamed in protest.

17. Mr. Minjares was arrested for resisting arrest.

18. Mr. Minjares was taken to Sutter Delta Hospital, where he was diagnosed with a concussion. After receiving medical treatment, the Officers carted Mr. Minjares off to jail, where he remained until the following morning when he was released.

19. Mr. Minjares suffered a concussion, black eye and physical and emotional pain as a result of this incident. In fact, he continues to suffer emotional distress as a result of this incident.

20. Portions of the incident were captured on cellphone video.

21. Tellingly, the Contra Costa County District Attorney's Office declined to charge Mr. Minjares on the fabricated charges.

22. In August, 2020, Mr. Minjares was denied a teaching opportunity due to the false arrest and was forced to take a twenty percent pay cut for the 2020-2021 school year. Mr. Minjares; who is a certified educator and holds a Master's Degree, was forced to provide a letter from his civil attorney and the District Attorney to explain to his potential employers that he was falsely arrested and pursuing civil remedies related to this incident.

23. Disturbingly, Mr. Minjares had a previous contact with the Antioch Police Department in 2005, which resulted in an unlawful assault.

24. Plaintiff is informed and believe and thereon alleges that CITY OF ANTIOCH, and

DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline or terminate the yet-to-be-identified DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein, namely an unprovoked, violent attack on a law-abiding taxpayer in his own home, which they entered illegally. Their failure to discipline the DOE defendants after their engaged in unprovoked violence and failed to follow policy, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive and the fabrication of official reports to cover up the DOES 1-25's inclusive, misconduct.

27. Plaintiff is informed, believes and thereon alleges that members of the CITY OF ANTIOCH Police Department, including, but not limited to Does 1-25 inclusive and/or each of them, have individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force against Plaintiff and others.

28. Plaintiff is further informed, believes and therein alleges that as a matter of official policy – rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit the City of ANTIOCH, the CITY has allowed persons to be abused by its Police Officer including Defendants and Does 1-25 and/or each of them, individually and/or while acting in concert with one another.

29. Plaintiff is informed, believes and therein alleges that City of ANTIOCH Police Department exhibits a pattern and practice of using excessive force and misconduct against citizens and despite these incidents, none of the Officers are ever found in violation of department policy or disciplined, even under the most overtly unlawful of circumstances. ANTIOCH Police Department failure to discipline or retrain Defendant Officers is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting deaths and

injuries is a proximate result of the ANTIOCH Police Department's failure to properly supervise its Officers and which ratifies their unconstitutional conduct. Plaintiff is informed, believe and therein allege that the following instances are just a few examples personally known to counsel of the City of ANTIOCH's pattern and practice of ratifying systemic misconduct by failure to discipline:

a.) Malad Baldwin – In 2014, multiple Antioch Police Officers dragged Mr. Baldwin out of a car and beat him unconscious, without cause. None of the involved officers were disciplined as a result of this incident.

b.) Rakeem Rucks – In 2015, multiple Antioch Police Officers engaged in the violent asphyxiation death of Mr. Rakeem Rucks. None of the involved Officers were disciplined or retrained, despite physical evidence and witness statement indicating that the officers knelt on Mr. Rucks head and neck for more than 10 minutes, in violation of their training and law, before his demise.

c.) In 2017, Antioch Sgt. Santiago Castillo repeatedly engaged in misconduct. He was notified of the Department's intent to terminate him, but instead they permitted him to resign in lieu of termination, which makes him eligible to be hired as a police officer elsewhere.

d.) In 2020, Antioch Police Department re-hired Michael Mallone, who left the San Francisco Police Department to avoid discipline related to the death of Luis Gongora Pat. At the time of his hiring, Mallone had been recommended for discipline related to his conduct in the Gongora-Pat shooting. The hiring of Mallone demonstrates the Department's failure in their hiring process and low-standards for employees. At the time of his hiring, there was a myriad of available public records and videos of the the Gongora-Pat shooting.

e.) In June 2020, Antioch Police Corporal and Police Officer Association President Steve Aiello made public comments on a Facebook page, wherein he advocated violence against peaceful protestors. In response to a photo of a protestor flipping off a police officer, Aiello commented, "I firmly believe an open hand slap in the face is 100 percent justified in this incident." Upon information and belief, Aiello is a member of the command staff responsible for supervising and disciplining other Antioch Police Officers. His comment demonstrate the acceptable culture of violence within the supervisory staff of the Antioch Police Department.

f.) Angelo Aquino - On December 23, 2020, multiple Antioch Police Officers engaged in the violent ashyixiation death of Mr. Angelo Aquino, while he was having a mental health episode. Upon informaiton and belief, none of the involved officers were disciplined or retrained as a result of killing Mr. Aquino in an incident that was frighteningly similar to Mr. Rucks 2015 death.

g.) Unknown Victim – On February 24, 2020, multiple Antioch Police Officers engaged in the violent asphyxiation and tasing death of a yet-to-be-identified man.

h.) Upon information and believe, there is a rouge gang of officers within the ANTIOCH Police Department, which engage in an ongoing pattern of unconstitutional conduct towards citizens, which has not been prevented or deterred by the CITY.

30. Plaintiff is informed, believes and therein alleges that CITY OF ANTIOCH knew or had reason to know by way of actual or constructive notice of the aforementioned culture, pattern and/or practice and the complained of conduct and resultant injuries/violations. Plaintiff is informed, believes and therein alleged that CITY OF ANTIOCH has maintained a culture of violent policing as a result of their failure to discipline or retrain officers, no matter the gravity of their misconduct.

Plaintiff's further allege that members of the command staff, encourage and condone violent policing and misconduct by example and through failure to discipline officers no matter how big or small their misconduct.

31. Plaintiff is ignorant of the true names and capacities of Defendant Officers DOES 1 Through 25, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed, believes, and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## DAMAGES

32. Plaintiff was physically and emotionally injured and damaged as a proximate result of this egregious and unwarranted beating, including but not limited to: Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment; and violations of California statutory and common law including Cal. Civil Code §§ 52 et seq.

33. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. § 1983, 1985-86 and 1988; California statutory and common law, including Cal. Civil Code §§ 52 et seq.

## FIRST CAUSE OF ACTION
### FOURTH AMENDMENT - UNLAWFUL SEIZURE
### (42 U.S.C. §1983)
### (Plaintiff Against Defendant DOES 1-25 inclusive)

34. Plaintiff re-alleges and incorporates by reference EACH AND EVERY PARAGRAPH of this

COMPLAINT.

35. Defendants' above-described conduct violated Plaintiff's rights, as provided for under the Fourth Amendment to the United States Constitution, to be free from unlawful seizure.

36. Defendants did not have reasonable suspicions and/or probable cause to detain arrest Plaintiff who had not committed any crime.

    a. The right to be free from unreasonable seizures, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
### FOURTH AMENDMENT – EXCESSIVE FORCE
### (42 U.S.C. §1983)
### (Plaintiff Against DOES 1-25 inclusive)

37. Plaintiff re-alleges and incorporates by reference EACH AND EVERY PARAGRAPH of this COMPLAINT. Defendants' above-described conduct violated Plaintiff's rights, as provided for under the Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of force against him.

38. Plaintiff Minjares was forced to endure conscious pain and suffering because of DOE Defendants' unconstitutional conduct.

39. Defendant acted under color of law by seizing Mr. Minjares, without lawful justification thereby depriving him of his right to be free from unreasonable searches and seizures; and by seizing and physically attacking Mr. Minjares without lawful justification thereby subjecting Plaintiff to excessive force and depriving him of his right to be free from unreasonable searches and seizures. The rights violated by DOE Defendants include, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed

by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Monell – 42 U.S.C. section 1983)
### (Plaintiff Against CITY and DOES 26-50)

40. Plaintiff re-alleges and incorporates by reference EACH AND EVERY PARAGRAPH of this COMPLAINT.

41. Plaintiff is informed and believes and thereon alleges that high-ranking CITY OF ANTIOCH officials, including high-ranking police supervisors and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional excessive force and misconduct by ANTIOCH Police Department.

42. Despite having such notice, Plaintiff is informed and believes and thereon allege that CITY OF ANTIOCH & DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by ANTIOCH Police Department employees by failure to discipline and retrain officers who acted unlawfully and outside of department policy, which brought about Defendant DOES 1-25 unlawfully attack on Plaintiff.

43. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant DOES 1-25 and/or each of them, ratified and encouraged these Officers to continue their course of misconduct.

44. Plaintiff further allege that Defendant DOES 26-50, and/or each of

them, were on notice of the Constitutional defects in their training of ANTIOCH Police Officers, including, but not limited to unlawfully using excessive force to make detentions and/or arrests.

45. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF ANTIOCH officials, including high ranking ANTIOCH Police Department supervisors, DOES 26-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from excessive force by Officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Negligence)**
**(Plaintiff Against CITY and DOES 1-25 inclusive)**

46. Plaintiff re-alleges and incorporates by reference EACH AND EVERY PARAGRAPH of this COMPLAINT, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

47. At all times, Defendants and Does owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

48. At all times, Defendants and Does owed Plaintiff the duty to act with reasonable care.

49. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

    a. to unreasonably arrest and/or detain without reasonable suspicion and/or probable cause;

    b. to refrain from using excessive and/or unreasonable force against Plaintiff;

  c. to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

  d. to refrain from abusing their authority granted them by law;

  e. to refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

50. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

51. Defendant CITY OF ANTIOCH is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

52. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Violation of Right To Enjoy Civil Rights)**
**(Violation of CALIFORNIA CIVIL CODE §52.1)**
(Plaintiff Against CITY and DOES 1-25)

53. Plaintiff re-alleges and incorporates by reference EACH AND EVERY PARAGRAPH of this COMPLAINT.

54. By their conduct described herein, Defendants and Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

  a. Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution.

    b. Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution.

    c. Plaintiff's right to free speech, protest and/or document law enforcement action in public and on his own private property as protected under the First Amendment.

55. Excessive force, which violates the Fourth Amendment, also violates the Bane Act. Defendants' use of unlawful force against Plaintiff, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

56. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act. All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiffs' rights; none was accidental or merely negligent.

57. Alternatively, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

    d. Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

    e. Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

    f. Defendant striking and/or physically accosting Plaintiff in the absence of any threat or need for such force;

    g. Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

    h. Using excessive, unreasonable and unjustified force against Plaintiff while he attempted to comply with the officers;

    i. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers; and

    j. Violating multiple rights of Plaintiff;

    k. Arresting Plaintiff for no reason.

58. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

59. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendants and Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorney's fees, treble damages, and civil penalties.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(Battery)**
**(Plaintiff Against DOES 1-25 inclusive)**

60. Plaintiff re-alleges and incorporates by reference EACH AND EVERY PARAGRAPH of this COMPLAINT.

61. Defendants, while working as an employee for the Defendant CITY OF ANTIOCH police department, and acting within the course and scope of their duties, intentionally injured Plaintiff

without a lawful basis.

62. As a result of the actions of the Defendant, Plaintiff suffered physical injury. Defendant and Does did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out their duties was an unreasonable use of force.

63. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Assault)**
**(Plaintiff Against and CITY and DOES 1-25 inclusive)**

64. Plaintiff re-alleges and incorporates by reference EACH AND EVERY PARAGRAPH of this COMPLAINT.

65. Defendants, while working as an employee for the Defendant CITY OF ANTIOCH police department, and acting within the course and scope of their duties, intentionally injured Plaintiff without a lawful basis.

66. As a result of the actions of the Defendant, Plaintiff suffered physical injury. Defendant and Does did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out his duties was an unreasonable use of force.

67. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

68. Defendants' above-described conduct constituted an assault.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### (False Imprisonment/Illegal Detention)

**(Plaintiff Against Defendant CITY and DOES 1-25 inclusive)**

69. Plaintiff re-alleges and incorporates by reference EACH AND EVERY PARAGRAPH of this COMPLAINT.

70. Defendants and DOES 1-25 detained and assaulted Plaintiff without just cause and under false pretenses. Defendants restrained, detained, and/or confined Plaintiff without his consent or a lawful basis for a significant period of time.

71. As a result of the Defendants and Does 1-50 unlawful confinement, Plaintiff suffered emotional distress and physical injury.

72. Defendant CITY is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION
### (False Arrest)

**(Plaintiff Against Defendant CITY and DOES 1-25 inclusive)**

73. Plaintiff re-alleges and incorporates by reference EACH AND EVERY PARAGRAPH of this COMPLAINT.

74. Defendant Does, while working as employees for the ANTIOCH DEPARTMENT and acting within the course and scope of their duties, falsely arrested Plaintiff without any reasonable suspicion and/or probable cause.

75. As a result of the actions of these Defendants, Plaintiff suffered physical injuries and/or

emotional distress. Defendants did not have legal justification for using force, arresting and/or detaining.

76. Defendant CITY is vicariously liable, pursuant to California Government Code §815.2, for the violation of rights by its employees and agents.

## JURY DEMAND

77. Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be determined at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendant DOES 1 through 25 and/or each of them;

4. Any and all permissible statutory damages;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988 and U.S.C. §794a; and Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law.

7. For cost of suit herein incurred.

**Dated:  March 15, 2021**                    NOLD LAW

*/s/ Melissa C. Nold*
**MELISSA C. NOLD**
**Attorneys for Plaintiff**